IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3083 |
| vs. | |
| MICHAEL MELGAARD, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 43) and moved for a downward variance (filing 45).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

  (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f)  in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report's assessment of a four-level enhancement to the offense level pursuant to U.S.S.G. § 2G2.2(b)(4)(B) for images depicting the sexual exploitation of a toddler. Filing 43. The defendant's argument is straightforward: He says that the child was four years old, and a four-year-old isn't a "toddler." Filing 43.

That's a fair point. The word "toddler" is generally understood to describe "a young child who is just beginning to walk," *Toddler*, *New Oxford Am. Dictionary* (2d ed. 2005), especially "a young child usually between one and three years old," *Toddler*, *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/toddler (accessed May 23, 2023); *cf., e.g.,* 20 U.S.C. § 1432(1) ("infant or toddler" includes individuals under 3 years of age); 9 C.F.R. § 317.309(b)(1) ("infants" and "toddlers" are "infants up to 12 months of age" or "children 1 through 3 years of age, respectively.")

The defendant notes, correctly, that it's the government's burden to show an enhancement to the offense level applies. Filing 43 at 1; *see*, *e.g.*, *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). But the Court understands the issue here to be more a question of law than a question of fact: Assuming the child was four years old, was she a "toddler" within the meaning of the Guidelines? And on that assumption, the Court tentatively finds that the defendant's objection may be well-taken.[1]

The defendant also moves for a downward variance based on his personal circumstances and the circumstances of the offense. *See* filing 46. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon

---

[1] That said: It's not going to make a whit of difference in the Court's ultimate sentencing decision. The Court recognizes that the Sentencing Commission had little choice but to draw somewhat arbitrary distinctions in this area, and that using a descriptive developmental milestone like "toddler" rather than a specific age might be preferable when trying to apply the Guidelines to images of unidentified victims. The Court also understands why the defendant made this objection. But in this case, with an identified victim, the Court is well-equipped to make a sentencing decision pursuant to § 3553(a) based on the defendant's actual conduct, not whether the victim reached her fourth birthday before the offense began.

opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 24th day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge